UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-14035-CANNON/MAYNARD

UNITED STATES OF AMERICA

v.

MARTINEZ BUILDERS SUPPLY, LLC,
D/B/A EAST COAST TRUSS,
a Florida limited liability company,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office"), and Martinez Builders Supply, LLC, d/b/a East Coast Truss ("ECT"), a Florida limited liability company (hereinafter referred to as the "Defendant"), enter into the following agreement:

1. The Defendant agrees to plead guilty to Count One of the Information, which charges the Defendant with conspiracy to harbor aliens by means of employment, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(A)(v)(I).

2. The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the

advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. With respect to Count One of the Information, the Defendant understands and acknowledges that the Court may impose a term of probation of up to five years, a fine up to the greatest of $500,000 or twice the gross loss or twice the gross gain cause by the offense, and may order forfeiture and restitution.

4. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $400 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. **The Defendant agrees to forfeit to the United States a forfeiture money judgment in the sum of $450,000.00 in United States currency, which sum the parties agree represents the value of any and all property that constitutes or is derived from or is traceable to proceeds the Defendant obtained from the commission of the offense charged in Count One of the Information.** The Defendant agrees to satisfy the money judgment in the form of a certified check made payable to Homeland Security Investigations and delivered to the United States **on or before October 28, 2024.** In the event the Defendant does not satisfy the money judgment **on or before October 28, 2024**, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

7. The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

8. In the event the Defendant does not satisfy the money judgment referenced in paragraph 6 on or before October 28, 2024, the Defendant agrees to fully and truthfully disclose the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. In the event the Defendant does not satisfy the money judgment referenced in paragraph 6 on or before

October 28, 2024, the Defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

9. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court sentence the defendant to one year of probation.

10. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the defendant be required to develop, submit to the probation office, and implement an effective compliance and ethics program consistent with Sentencing Guidelines Section 8B2.1.

11. The defendant agrees that if a determination is made to file for bankruptcy under Chapter 7 or Chapter 11 of the Bankruptcy Code prior to the satisfaction of the money judgment referenced in paragraph 6, it shall notify this Office no less than thirty (30) days before so filing.

12. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the Defendant may not withdraw its plea based upon the

Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

13. The United States Attorney's Office for the Southern District of Florida agrees that it will not pursue any additional criminal charges against ECT or it principals, officers, directors, or agents related to the offense charged in Count One of the Information. This agreement does not apply to any conduct that took place on or after July 1, 2022. This agreement also does not apply to any violent crimes, regardless of when they occurred.

14. This is the entire agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 10/28/24   By: _____
MICHAEL D. PORTER
ASSISTANT UNITED STATES ATTORNEY

The Authorized Corporate Officer, by his signature below, hereby certifies that he has read the entire Plea Agreement and discussed it with ECT's managing members; ECT understands all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations; ECT is fully satisfied with its attorney's representation during all phases of this case; ECT is freely and voluntarily pleading guilty in this case; and ECT is pleading guilty as set forth in this Plea Agreement because it is guilty of the offense charged in Count One of the Information. ECT acknowledges its acceptance of this Plea Agreement by the signature of its counsel and Authorized Corporate Officer.

Date: 10/28/24   By: _____
Carlos Martinez, President and Managing Member
of MARTINEZ BUILDERS SUPPLY, LLC, D/B/A
EAST COAST TRUSS

      I have discussed with and fully explained to the managing members of ECT the facts and circumstances of the case; all rights with respect to the offense charged in Count One of the Information; possible defenses to the offense charged in Count One of the Information; all rights with respect to the Sentencing Guidelines; and all of the consequences of entering into the Plea Agreement and entering a guilty plea.  I have reviewed the entire Plea Agreement with my client, through its Authorized Corporate Officer.  In my judgment, ECT understands the terms and conditions of the Plea Agreement, and I believe ECT's decision to enter into the Plea Agreement is knowing and voluntary.  ECT's execution of and entry into the Plea Agreement is done with my consent.

Date: 10/28/2024          By: _____
                              RICK HUTCHINSON
                              ATTORNEY FOR MARTINEZ BUILDERS
                              SUPPLY, LLC, D/B/A EAST COAST TRUSS