UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-14035-CR-AMC

UNITED STATES OF AMERICA

v.

MARTINEZ BUILDERS SUPPLY, LLC

        Defendant.
_____/

**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

Defendant, Martinez Builders Supply, LLC, by and through undersigned counsel and pursuant to the *Federal Rules of Criminal Procedure* and the Local Rules for the Southern District of Florida, files these objections to the Presentence Investigation Report (herein "PSI") and states the following:

1. Defendant objects to paragraph 2 of the PSI to the extent that it requires Defendant to make a payment of $450,000 as Defendant has already made payment in full. *See also* Paragraph 61 of the PSI, confirming payment of forfeiture money judgment.

2. Defendant objects to paragraph 16 of the PSI as it states that Hollys Services was formed for the purpose of concealing, harboring, and shielding the aliens employed by ECT, whereas the actual purpose of Hollys Services was to vet the backgrounds of potential employees to avoid hiring undocumented individuals.

3. Defendant objects to paragraph 61 of the PSI to the extent that Probation recommends that Defendant pay a fine within the guideline range, as the intent of the plea agreement's condition that Defendant pay in full the agreed upon money judgment on or before

October 28, 2024 in the amount of $450,000 also contemplated that an additional amount was unnecessary.

4. As such, Defendant objects to the recommended fine of $500,000. Although Defendant does not dispute Probations calculations in paragraphs 73-75 of the PSI, Defendant, does object to the imposition of a fine as the guidelines are no longer mandatory. "Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, *treating the Guidelines as mandatory,* (emphasis) failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including an explanation for any deviation from the Guidelines range." *U.S. Acambaro Mexican Restaurant, Inc.,* 631 F.3 880, 883 (8th Circ. 2011) *citing Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). "The rule of *Apprendi*[1] applies to the imposition of criminal fines." *Southern Union Company v. United States*, 567 U.S. 343, 360 (2012), 132 S. Ct 2344 (2012).

5. As argued above, the intent of the plea agreement and imposition of the $450,000 money judgment was to act as both, (1) an amount agreed by the parties that represented the value of property that was derived from or was traceable to proceeds that were obtained from the commission of the instant offense, and (2) a fine. In addition, an immediate and lump sum payment of the money judgment was contemplated and otherwise accepted as a one-time payment for all monetary matters, including a fine, to insure payment and alleviate the Government from time consuming collection efforts.

6. Although this Court is not bound by determining a fine within the guideline range, and has the discretion not to assess a fine (See *Apprendi*, supra, affirmed in *United States* v.

---

[1] *Apprendi v. new Jersey*, 530 U.S 466, 120 S. ct. 2348, 147 L. Ed 435

*Booker*, 543 U.S. 127 (2005)), the factors set forth in section § 8C2.8 are also persuasive for not imposing a fine.

> **(1)** the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the organization.

Here, a probationary sentence, imposition of the money judgment, required corporate compliance program with oversight have all been contemplated and imposed to reflect the seriousness of the crime, promote respect for the law and to deter the Defendant from any future criminal conduct.

**(2)** the organization's role in the offense.

The Corporate Defendant's role in the offense was not singular as other individuals and organization(s) participated and contributed to the illegal conduct. Defendant also assisted extensively in the investigation and created a compliance program to prevent further violations.

> **(3)** Any collateral consequences of conviction, including civil obligations arising from the organization's conduct;

No negative collateral consequences. Through implementation of the compliance program and continued success of the corporation, the corporation is now able to employ more local residents and help the surrounding community economically.

**(4)** any nonpecuniary loss caused or threatened by the offense;

There were no nonpecuniary losses caused or threatened by the instant offense.

**(5)** whether the offense involved a vulnerable victim.

No vulnerable victim.

**(6)** any prior criminal record of an individual within high-level personnel of the organization or high-level personnel of a unit of the organization who participated in, condoned, or was willfully ignorant of the criminal conduct;

No prior record to any individual in high-level position.

(7) any prior civil or criminal misconduct by the organization other than that counted under § 8C2.5(c);

None.

(8) any culpability score under § 8C2.5 (Culpability Score) higher than 10 or lower than 0.

Culpability Score was below 10.

7.      In addition, the court may consider the relative importance of any factor used to determine the range, including the pecuniary loss caused by the offense, the pecuniary gain from the offense, any specific offense characteristic used to determine the offense level, and any aggravating or mitigating factor used to determine the culpability score. As argued above there was no pecuniary loss and the pecuniary gain was factored into the plea by way of a money judgment against Defendant.

WHEREFORE, Defendant respectfully requests that his Court grant these objections to the PSI as filed in this matter.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court, which sent e-mail notification of such filing to all CM/ECF participants in this case this 10th day of January, 2025.

Respectfully submitted,

**HUTCHINSON & HUFFMAN, P.A.**
515 North Flagler Drive, Suite 401
West Palm Beach, Florida 33401
Phone: 561-838-9793
Fax: 561-838-9034
Attorneys for Defendant
*/s/ Frederick C. Hutchinson, III*
**F.C. Hutchinson III, Esq.**
Florida Bar No. 010839